IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JANET KERCHER,<br><br>    Plaintiff,<br><br>vs.<br><br>SANOFI AVENTIS US, LLC,<br><br>    Defendant. | No. 1:09-cv-248 PJK/ACT |

ORDER

THIS MATTER comes on for consideration of Plaintiff's Motion to Remand filed April 2, 2009. Doc. 8. Upon consideration thereof,

(1) Background. Plaintiff Janet Kercher brought suit in state court against Defendant sanofi-aventis on February 12, 2009, claiming failure to warn against the dangers of "sleep driving" while under Defendant's prescription drug Ambien®. Doc. 1, Ex. B. Plaintiff sought damages for injuries resulting from a crash caused by her "sleep driving" after taking Ambien®. Plaintiff was additionally convicted of driving while intoxicated, and claims she has suffered "the indignity of having a driving while intoxicated conviction and the difficulty of using a DWI interlock on her car." Id. at 2. Plaintiff's complaint sought damages in the amount of "approximately $74,000.00." Id. at 3.

(2) Notice of Removal. Defendant filed its notice of removal on March 13,

2009, claiming this court has proper diversity jurisdiction. Doc. 1; See 28 U.S.C. 1332. Defendant contends that Plaintiff intentionally alleged damages of $74,000 to avoid removal but that, in fact, the amount in controversy exceeds $75,000. Doc. 1 at 2. Defendant also points out that Plaintiff refused to stipulate that she is not seeking damages in excess of $75,000. See Doc. 1 at 3 & Ex. A.

(3) Amount in Controversy. When a defendant invokes federal jurisdiction through removal, 28 U.S.C. § 1446, the defendant bears the burden of establishing the elements for federal jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). In addition to diversity of citizenship, 28 U.S.C. § 1332(a) requires an amount in controversy in excess of $75,000, exclusive of interest and costs. McPhail v. Deere & Co., 529 F.3d 947, 952 (10th Cir. 2008). "[T]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." Martin, 251 F.3d at 1290 (quoting Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)). If the complaint does not resolve the issue, defendant must affirmatively establish the requisite amount "on the face of either the petition or the removal notice." Id. (quoting Laughlin, 50 F.3d at 873). In doing so, the defendant must prove contested jurisdictional facts by a preponderance of the evidence. McPhail, 529 F.3d at 953-54. Moreover, there is a presumption against removal. Laughlin, 50 F.3d at 873. Thus, if the amount in controversy does not exceed $75,000 in this case, jurisdiction in federal court is not proper

and the case must be remanded to state court.  See 28 U.S.C. § 1447(c).

Plaintiff's amended complaint alleges damages related to her "sleep driving" incident "including attorney's fees, court costs, the requirement of emission interlock to drive, having her car fixed and other damages in an amount of approximately $74,000."  Doc. 1, Ex. B at 3, ¶ 15.  Thus, a numeric damages amount appears on the face of the complaint, though it is an approximate amount.  According to the Defendant, the allegations in the amended complaint together with the Plaintiff's refusal to stipulate that damages are less than $75,000 make it clear that the amount in controversy is more than $75,000.  Doc. 11 at 4.  Defendant does not really explain how Plaintiff's claims amount to more than $75,000 (other than pointing out that there could be several elements of damages), and the court notes that Plaintiff offered to settle her claims for substantially less.  Doc. 9, Ex. 1.

Defendant also argues that Plaintiff has essentially conceded the jurisdictional amount by refusing to stipulate that her damages do not exceed $75,000.  See Doc. 1, Ex. A.  To be sure, many cases have treated evidence of a refusal to stipulate as a relevant factor along with other factors in deciding whether removal jurisdiction is proper.  See McPhail, 529 F.3d at 956-57 (finding that a defendant met its burden of demonstrating by a preponderance of the evidence that plaintiff's claim exceeded $75,000, relying upon the specific statutory damages available to plaintiff and the fact that plaintiff refused to

3

stipulate any amount above $10,000); Oshana v. Coca-Cola Co., 472 F.3d 506, 511-12 (7th Cir. 2006) (removing case after noting that Plaintiff did not allege a particular damage amount in her complaint and only stated that she disclaimed damages in excess of $75,000 which the court did not find as binding); Hanna v. Miller, 163 F. Supp. 2d 1302, 1305-06 (D.N.M. 2001) (noting that a plaintiff's prior admission to a particular amount in controversy or refusal to stipulate to a particular amount are relevant facts when the complaint is silent on a damages amount).  Here, the Plaintiff, presumably in good faith, see N.M. R. Civ. P. 1-011(A), alleged damages in an amount of approximately $74,000 and that amount generally would obtain.  See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961).  The court will rely upon the Plaintiff's representation given the pleadings thus far.

NOW, THEREFORE, IT IS ORDERED that:

(1) Plaintiffs' Motion to Remand filed April 2, 2009 (Doc. 8) is granted.

(2) The Clerk shall remand the case to the Second Judicial District Court, Bernalillo County, New Mexico, for want of subject matter jurisdiction.  28 U.S.C. § 1447(c).

(3) Plaintiff's request for an award of attorney's fees for responding to the removal position is denied.

DATED this 14th day of May 2009, at Santa Fe, New Mexico.

4

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation